IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CARLOS IVAN ACOSTA RIVERA, et al., | § § § |
| Plaintiffs, | § § |
| v. | §   EP-15-CV-00021-KC |
| | § |
| UNITED STATES OF AMERICA, PEDRO MOLINA, FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATION, DZT INC., ZORAN TESICH, | § § § § § § |
| Defendants. | § § |

## ORDER

On this day, the Court considered the following four motions in the above-captioned case: (1) Defendant Zoran Tesich's 12(b)(6) Motion to Dismiss ("Tesich's Motion"), ECF No. 12; (2) Defendant DZT Inc.'s 12(b)(6) Motion to Dismiss ("DZT's Motion"), ECF No. 22; (3) Defendant FedEx Ground Package System, Inc.'s 12(b)(6) Motion to Dismiss ("FedEx Ground's Motion"), ECF No. 17; and (4) Defendant FedEx Corporation's 12(b)(6) Motion to Dismiss ("FedEx Corp.'s Motion"), ECF No. 18 (collectively, "Defendants' Motions"). For the reasons set forth herein, Tesich's Motion is **DENIED**, DZT's Motion is **GRANTED** in part and **DENIED** in part, FedEx Ground's Motion is **GRANTED** in part and **DENIED** in part, and FedEx Corporation's Motion is **GRANTED** in part and **DENIED** in part.

I.   BACKGROUND

This case stems from a March 7, 2013, vehicle crash that occurred near Hudspeth County, Texas, on Interstate 10 at approximately 2:29 a.m. Am. Compl. ¶ 6, ECF No. 65. Specifically, Plaintiffs were passengers in a federally-owned bus being driven by Defendant

1

Pedro Molina ("Molina") when Molina struck Defendant DZT Inc.'s ("DZT") commercial vehicle. *Id.* Plaintiffs allege that Defendant Zoran Tesich ("Tesich"), the driver of the DZT commercial vehicle, "was in the course of his employment with Defendant DZT" at the time of the crash. *Id.* Plaintiffs further allege that Defendants FedEx Corporation and FedEx Ground Package System, Inc. ("FedEx Ground") (collectively, the "FedEx Defendants") were "the statutory employer[s]" of Tesich, and therefore "vicariously responsible for his acts and omissions in the collision." *Id.*

In the Original Complaint, filed in this Court on January 20, 2015, Plaintiffs bring numerous causes of action against Defendants based on their injuries arising out of the collision. *See generally* Original Compl., ECF No. 1. First, Plaintiffs assert negligence claims against the United States and Molina under the Federal Torts Claims Act. *See id.* ¶¶ 8-9.[1] Second, Plaintiffs assert direct negligence claims against Tesich. *See id.* ¶ 11. Third, Plaintiffs assert direct negligence and vicarious liability claims against DZT. *See id.* ¶ 10. And fourth, Plaintiffs assert direct negligence and vicarious liability claims against the FedEx Defendants. *See id.*

In response to the Original Complaint, Tesich, FedEx Ground, FedEx Corporation, and DZT each filed separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Tesich's Mot. ¶ 7; FedEx Ground's Mot. ¶ 8; FedEx Corp.'s Mot. ¶ 8; DZT's Mot. ¶ 6. On March 19, 2015, Plaintiffs responded to Tesich's Motion. *See* Resp. to Tesich's Mot., ECF No. 13. On April 19, 2015, Plaintiffs responded to FedEx Ground's Motion, FedEx Corporation's Motion, and DZT's Motion. *See* Resp. to FedEx Ground's Mot., ECF No. 26; Resp. to Tesich's Mot., ECF No. 27; Resp. to DZT's Mot., ECF No. 28.

Defendants each filed replies in support of their respective motions to dismiss. *See* Tesich's Reply to Pls.' Resp., ECF No. 21; FedEx Ground's Reply to Pls.' Resp., ECF No. 31;

---

[1] Plaintiffs' claims against the United States and Molina are not the subject of the instant order.

FedEx Corporation's Reply to Pls.' Resp., ECF No. 32; DZT's Reply to Pls.' Resp., ECF No. 33. Tesich's Motion, DZT's Motion, and the FedEx Defendants' Motions are all ripe for resolution.

On September 15, 2015, Plaintiffs filed the Amended Complaint.[2] *See generally* Am. Compl.

## II.   DISCUSSION

### A.   Standard

A motion to dismiss pursuant to Rule 12(b)(6) challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true and view them in a light most favorable to the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Though a complaint need not contain "detailed factual allegations," a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[2] Because the Amended Complaint only contains minor changes relating to the claims against Tesich, DZT, and FedEx Defendants and because "some of the defects raised in the original motion remain in the new pleading," the Court may choose to consider Tesich's Motion, DZT's Motion, and FedEx Defendants' Motions as if they address the Amended Complaint. *See* 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1476 (3d ed. 2010) ("[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance."); *Morales v. Wells Fargo Bank, N.A.*, No. SA-13-CV-410-XR, 2013 WL 6057853, at *2 (W.D. Tex. Nov. 14, 2013). The Court, therefore, considers the motions to dismiss in light of Amended Complaint, not the Original Complaint.

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555*; see also Colony Ins. Co.*, 647 F.3d at 252.  Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted); *see also Colony Ins. Co.*, 647 F.3d at 252 ("Factual allegations must be sufficient to raise a non-speculative right to relief.").

Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  Finally, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In following this pleading standard, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," because mere "legal conclusions . . . must be supported by factual conclusions." *Id.*  Next the court should "determine whether [the factual allegations] plausibly give rise to an entitlement to relief," assuming the truth of these factual allegations. *Id.*

### B.     Analysis

The Court first addresses Tesich's Motion, then proceeds to consider DZT's Motion, beginning with the direct negligence claims and ending with the vicarious liability claim. Finally, the Court addresses FedEx Defendants' Motions, in summary form, because Plaintiffs' claims against FedEx Defendants are nearly identical to Plaintiffs claims against DZT.

4

1.   **Tesich's Motion**

In the Amended Complaint, Plaintiffs allege that Tesich proximately caused the collision and Plaintiffs' damages "by one or more of the following alternative theories of negligence[:]"

   a. Unsafe driving during the danger zone (midnight to 6:00 a.m.)
   b. Driving while fatigued.
   c. Driving at a speed slower than what was reasonable for freeway driving.
   d. Failure to keep a proper lookout.
   e. Failing to drive on the shoulder when travelling slower than freeway speed.
   f. Failure to honk and give adequate warning of the pending danger.
   g. Failure to warn of Defendant's slow moving vehicle.
   h. Failure to use due care in operating a commercial motor vehicle.
   i. Operating a commercial vehicle in the United States without reasonable qualifications, training, testing and experience.
   j. Failure to pay attention.
   k. Failure to take safe evasive action.
   l. Operating a commercial vehicle without qualifying under the Federal Motor Carrier Safety Act.
   m. Other negligence.

*See* Am. Compl. ¶ 12.

Tesich argues that Plaintiffs' alternative theories of negligence are merely "a laundry list of conclusory allegations." *See* Tesich's Mot. ¶ 7. Tesich further argues that the allegations listed above fail to state a plausible claim for relief because Plaintiffs do not plead facts to support each element of a negligence claim under Texas law. *Id.* ¶ 13.

In response, Plaintiffs argue that the Complaint states "multiple reasons as to why [Tesich] may have caused the collision." *See* Resp. to Tesich's Mot. ¶ 10. Plaintiffs further contend that "who hit who should not determine whether a claim [is] plausible" at the motion to dismiss stage. *See id.*

Before proceeding with its analysis, the Court pauses to discuss Tesich's argument that "[a] sufficiently pleaded negligence claim requires the pleading of facts to support duty, breach, proximate causation, injuries and damages." *See* Tesich's Mot. ¶ 13 (citing *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009)). Although Tesich's Motion accurately recites the elements of a negligence claim under Texas law, he is incorrect to suggest that Plaintiffs must expressly allege facts establishing a prima facie case to survive a motion to dismiss. "Rule 8(a) does not require pleading specific facts in support of each element of [a] plaintiff's *prima facie* case." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 438 (5th Cir. 2004). Instead, all that Rule 8(a) requires is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even the model complaints attached to the Federal Rules of Civil Procedure do not expressly reference every element of a negligence cause of action—a reality that the Fifth Circuit recently acknowledged "undermines the premise that [a] complaint must explicitly include every element of the plaintiff's prima facie case to satisfy Rule 8." *See Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015). Accordingly, the Court rejects Tesich's attempt to impose a heightened pleading standard on Plaintiffs.

Having clarified Plaintiffs' pleading burden, the Court now turns to the merits of Tesich's Motion. The Court finds that Plaintiffs have pleaded sufficient facts to state a plausible claim for motor-vehicle negligence against Tesich. In the Amended Complaint, Plaintiffs identify specific ways in which Tesich's conduct fell below the applicable standard of care, citing Tesich's "[f]ailure to keep a proper lookout," "[f]ailure to take safe evasive action," and nine other specific allegations. *See* Am. Compl. ¶ 12. Plaintiffs further allege that these actions and omissions were the proximate cause of the crash. *Id.* Assuming that the allegations pleaded in

the complaint are true—that Tesich drove too slow, failed to keep a proper lookout, and so forth—the Court finds that Plaintiffs have stated a plausible claim of negligence. *See Calhoun*, 312 F.3d at 733 ("In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff."). Because Plaintiffs specify facts describing the nature of Tesich's allegedly negligent acts, amounting to more than a simple recitation of the elements of negligence, the Court finds that the Amended Complaint contains sufficient allegations to state a plausible claim for relief.  Therefore, the Court denies Tesich's Motion.

### 2. DZT's Motion

As noted above, Plaintiffs bring claims against DZT under both direct and vicarious liability theories.  The Court addresses each of Plaintiffs' claims in turn.

#### a. Plaintiffs' direct negligence claims

In the Complaint, Plaintiffs allege various theories of direct negligence against DZT: (1) unsafe driving, (2) negligent entrustment, (3) negligent hiring, supervision, and retention, and (4) negligent training.

#### i. Negligent driving

Plaintiffs allege that DZT was negligent by "[d]riving while fatigued," "[u]nsafe driving during the danger zone (midnight to 6:00 a.m.)," and "[d]riving slower than what was reasonable for freeway driving." *See* Am. Compl. ¶ 11.  While it is unclear whether Plaintiffs actually intend to raise independent claims based on these allegations, to the extent they do, the Court agrees with DZT that "a corporation can[not] actually operate a commercial motor vehicle, let alone do so while fatigued or at night." *See* DZT's Mot. ¶ 28.  As a result, the Court dismisses Plaintiffs' direct negligence claims against DZT for "[d]riving while fatigued," "[u]nsafe driving

during the danger zone (midnight to 6:00 a.m.)," and "[d]riving slower than what was reasonable for freeway driving."

### ii.    Negligent entrustment

In its motion, DZT argues that Plaintiffs do not include a single fact in support of their conclusory allegations of negligent entrustment.  *See* DZT's Mot. ¶ 14.  In response, Plaintiffs argue that the facts in the Complaint are sufficient to put DZT on notice of the claims.  *See* Resp. to DZT's Mot. ¶ 12.

To establish a claim for negligent entrustment, a plaintiff must ultimately prove the following elements: "(1) the owner entrusted the automobile, (2) to a person who was an unlicensed, incompetent, or reckless driver, (3) who the owner knew or should have known was incompetent or reckless, (4) the driver was negligent, and (5) the driver's negligence proximately caused the accident and the plaintiff's injuries." *Robson v. Gilbreath*, 267 S.W.3d 401, 405 (Tex. App. 2008); *see also De Blanc ex rel. Estates of De Blanc v. Jensen*, 59 S.W.3d 373, 376 (Tex. App. 2001)) (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex. 1987)).  "Knowledge of the driver's incompetency when the owner gives consent is an essential element of a negligent entrustment action." *Monroe v. Grider*, 884 S.W.2d 811, 815 (Tex. App. 1994) (citing *Briseno v. Martin*, 561 S.W.2d 794, 796 n.1 (Tex. 1977)).

Applying these standards here, the Court finds that Plaintiffs have failed to allege sufficient facts to support a plausible claim for negligent entrustment under Texas law. Plaintiffs' claim rests upon the assertion that DZT negligently entrusted the operation of its vehicle to Tesich "when it knew or should have known that Defendant Tesich was unfit and unskilled to operate the vehicle."  *See* Am. Compl. ¶ 11.  Although Plaintiffs need not plead "specific facts in support of each element of [their] *prima facie* case," *Lovick*, 378 F.3d at 438,

Plaintiffs must allege sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, however, Plaintiffs fail to plead any facts regarding whether Tesich was an "unlicensed, incompetent, or reckless driver" at the time when DZT entrusted the vehicle to him. *See Robson*, 267 S.W.3d at 405. Indeed, it appears that Plaintiffs' allegation that Tesich was an "unfit and unskilled" driver rests solely upon the vehicular collision itself. *See* Am. Compl. ¶¶ 6, 11. Under Texas law, however, "[m]ere involvement in a collision does not create an inference or conclusion that a driver is incompetent or reckless." *Cf. Robson*, 267 S.W.3d at 406 (upholding sanctions against a plaintiff's attorney for failure to conduct a reasonable inquiry prior to filing suit against a father for negligent entrustment of an automobile to his son, where the only evidence of the son's alleged incompetence or recklessness was the inexperience of the driver and the collision that was the basis of the suit).

Further, Plaintiffs fail to allege sufficient facts upon which the Court could draw the reasonable inference that DZT "knew or should have known" that Tesich was an "unfit and unskilled" driver. *See* Am. Compl. ¶ 11; *Iqbal*, 556 U.S. at 678. Instead, Plaintiffs' allegations of negligent entrustment against DZT are properly characterized as mere recitations of the elements of the cause of action because they do not state the manner in which Tesich was unfit as a driver at the time of entrustment or how DZT should have known about Tesich's alleged incompetence as a driver. *See Twombly*, 550 U.S. at 555 ("[A] well-pleaded complaint requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). Accordingly, the Court holds that the Amended Complaint fails to plead sufficient facts to state a claim for negligent entrustment against DZT and grants DZT's Motion as to this claim.

### iii. Negligent hiring, supervision, or retention

In its motion, DZT argues that Plaintiffs' claims for negligent hiring, supervision, or retention are mere legal conclusions that are not supported by a single fact. *See* DZT's Mot. ¶ 19. Plaintiffs respond that the allegations are sufficient to put DZT on notice of their theories of recovery and therefore survive a Rule 12(b)(6) motion to dismiss. *See* Resp. to DZT's Mot. ¶ 12.

"An employer can be [directly] liable for negligence if its failure to use due care in hiring, supervising, or retaining an employee creates an unreasonable risk of harm to others." *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App. 2015). "[T]o recover under a theory of negligent hiring, 'a plaintiff must prove that (1) the employer owed a legal duty to protect third parties from the employee's actions and (2) the third party's sustained damages were proximately caused by the employer's breach of that duty.'" *TXI Transp. Co. v. Hughes*, 224 S.W.3d 870, 901 (Tex. App. 2007) *rev'd on other grounds by* 306 S.W.3d 230 (Tex. 2010) (quoting *Bedford v. Moore*, 166 S.W.3d 454, 463 (Tex. App. 2005)). Further, a plaintiff must bring "evidence of harm caused by an employee hired pursuant to [the negligent] hiring practices." *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012).

Here, Plaintiffs allege that DZT is directly liable for their injuries because it failed to (1) "properly train, supervise and educate its drivers"; (2) "properly screen its applicants for driver certification;" (3) "establish and enforce reasonable rules and regulations for qualifying persons to operate its commercial vehicles;" and (4) "qualify its drivers in accordance with the Federal Motors Carriers Safety Act and FedEx standards." *See* Am. Compl. ¶ 11. Plaintiffs further allege that DZT's "acts and omissions of negligence" were "a proximate cause of [Plaintiffs'] injuries and damages." *See id.* Because these allegations merely track the elements of a negligent hiring, supervising, or retaining claim under Texas law, they do not approach the

factual content necessary to survive a Rule 12(b)(6) motion. *See Twombly*, 550 U.S. at 555 (noting that "a formulaic recitation of the elements of a cause of action will not do"). In particular, there are no facts suggesting how DZT knew or why DZT should have known that Tesich was unfit to operate a motor vehicle or how DZT's training, qualification, or supervision of Tesich created an unreasonable risk of injury. Thus, the Court holds that the Amended Complaint fails to allege sufficient facts to support a cause of action for negligent hiring, supervision, or retention and grants DZT's motion as it relates to these claims.

### iv. Negligent training

In its motion, DZT also argues that Plaintiffs' claim for negligent training is not supported by any facts. *See* DZT's Mot. ¶ 19. In the Amended Complaint, the Plaintiffs added the allegations that DZT was negligent in "[f]ailing to train its drivers on danger zone driving," and "[f]ailure to train its drivers on driving safety." Am. Compl. ¶ 11. Although these factual allegations are admittedly minimal, they do describe the manner in which DZT's training of its employees may have been deficient. Therefore, the Court finds that these factual allegations are sufficient to support a cause of action for negligent training and denies DZT's motion as it relates to this claim.

### b. Plaintiffs' vicarious liability claim

DZT makes two general arguments in support of its motion to dismiss Plaintiffs' vicarious liability claim. *See* DZT's Mot. ¶¶ 23-26. First, DZT contends that Plaintiffs have not pleaded any facts to suggest that Tesich was even negligent in the first instance. *Id.* ¶ 23. Second, DZT contends that "Plaintiffs have not pleaded any facts from which the Court can infer agency or employment, statutory or otherwise, as between DZT and Mr. Tesich." *See id.* ¶ 24.

In response, Plaintiffs argue that the allegations in the Complaint are sufficient to put DZT on notice of Plaintiffs' vicarious liability claim against it.  *See* Resp. to DZT's Mot. ¶ 12.

It is well-settled in Texas that "[u]nder the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment, although the principal or employer has not personally committed a wrong." *St. Joseph Hosp. v. Wolff*, 94 S.W.3d 513, 541-42 (Tex. 2002) (quoting *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998)).  However, "a person or entity that hires an independent contractor is generally not vicariously liable for the tort or negligence of that person."  *Baptist Mem'l Hosp. Sys.*, 969 S.W.2d at 947.

"The test to determine whether a worker is an employee rather than an independent contractor is whether the employer has the right to control the progress, details, and methods of operations of the work."  *Limestone Prods. Distrib., Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex. 2002). The court looks at five factors in determining whether the employer has the right to control: "(1) the independent nature of the worker's business; (2) the worker's obligation to furnish necessary tools, supplies, and materials to perform the job; (3) the worker's right to control the progress of the work except about final results; (4) the time for which the worker is employed; and (5) the method of payment, whether by unit of time or by the job." *Id.*

As explained above, this Court holds that Plaintiffs have stated a plausible claim for motor vehicle negligence against Tesich.  Thus, the Court need only address DZT's argument that Plaintiffs have failed to allege facts supporting a reasonable inference of "agency or employment, statutory or otherwise, as between DZT and Tesich."  DZT's Mot. ¶ 24.  The issue is whether Plaintiffs have alleged sufficient facts to impute Tesich's alleged negligence to DZT. The Amended Complaint alleges that Tesich was "in the course of his employment with

Defendant DZT" at the time of the collision, but gives no further facts about the nature of Tesich's employment.  *See* Am. Compl. ¶ 6.

Because determining whether Tesich was an employee or an independent contractor involves facts known only to DZT and Tesich, it would be difficult, if not impossible, for Plaintiffs to allege many facts regarding the relationship between DZT and Tesich without first engaging in discovery.  Under these circumstances, the Court finds that Plaintiffs' allegation that Tesich "was acting in the course of his employment with Defendant DZT," combined with the allegations of the negligence itself, are sufficient to state a plausible vicarious liability claim against DZT. Accordingly, the Court denies DZT's Motion as it relates to the vicarious liability claims.

### 3. The FedEx Defendants' Motions

Having analyzed all Plaintiffs' claims asserted against DZT, the Court turns to Plaintiffs' claims against the FedEx Defendants.[3]  As noted above, Plaintiffs assert both direct negligence and vicarious liability claims against the FedEx Defendants.  The Court addresses Plaintiffs' claims separately below.

#### a. Direct negligence claims

Plaintiffs' direct negligence allegations against the FedEx Defendants are identical to Plaintiffs' direct negligence claims against DZT. *See* Am. Compl. ¶ 11 ("Plaintiffs allege that the collision and Plaintiffs' damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendants FEDEX and DZT.").  As a result, for the reasons noted above, the Court grants FedEx Defendants' Motions as they relate to negligent

---

[3] While FedEx Corporation and FedEx Ground submitted separate motions to dismiss, the Court's review has revealed that the two motions are nearly identical.  Further, the Original Complaint and Amended Complaint make no distinction between the two entities.  *See generally* Original Compl., Am. Compl.  Accordingly, in the interest of efficiency, the Court analyzes the FedEx Defendants' Motions together.

driving, negligent entrustment, and negligent hiring, retention, and training and denies FedEx Defendants' Motions as they relate to negligent training.

### b.     Vicarious liability claims

Plaintiffs' vicarious liability claims against the FedEx Defendants are substantially similar to Plaintiffs' vicarious liability claims against DZT.  Although the Amended Complaint contains a separate section regarding the vicarious liability of FedEx Defendants, the acts and omissions that form the basis of the vicarious liability claims are identical.  Am. Compl. ¶¶ 12-13.  Plaintiffs allege that both the FedEx Defendants and DZT were Tesich's employers. *Id.* ¶ 6 (stating that, at the time of the collision Tesich "was in the course of his employment with Defendant DZT" and that "Defendant FedEx was the statutory employer of Defendant Tesich"). Finally, Plaintiffs allege that FedEx Defendants were the employers of Tesich and thus "vicariously responsible for his acts and omissions in this collision," just as Plaintiffs allege that DZT was vicariously liable, as Tesich's employer, for Tesich's negligent acts and omissions. *Id.* ¶¶ 6, 11-13.  In response, FedEx Ground and FedEx Corporation both claim that the Plaintiffs have failed to "plead any facts to support a claim for relief against" them.  FedEx Ground's Mot. ¶ 9; FedEx Corp.'s Mot. ¶ 9.

Despite the similarity of the claims, the FedEx Defendants do raise one additional argument that the Court did not address in the context of DZT's Motion.  Specifically, the FedEx Defendants contend that because Plaintiffs' allegations refer to "Defendant FedEx" in the singular, "Plaintiffs do not believe both FedEx Ground and FedEx Corporation are the statutory employers of Mr. Tesich." *See* FedEx Ground's Mot. ¶ 6 n.1; FedEx Corp.'s Mot. ¶ 6 n.1. While the Original Complaint and Amended Complaint both fail to distinguish FedEx Ground and FedEx Corporation, the Court finds that Plaintiffs have given sufficient notice to both FedEx

14

Ground and FedEx Corporation of the claims asserted against them. Further, because the Court must view the facts in the light most favorable to the Plaintiff, *see Calhoun*, 312 F.3d at 733; *Collins*, 224 F.3d at 498, the Court must assume that both FedEx Ground and FedEx Corporation are employers of Tesich and thus vicariously liable for his negligent actions.

For the same reasons articulated above with respect to Tesich's vicarious liability claim against DZT, the Court finds that Plaintiffs have alleged sufficient facts to state a plausible vicarious liability claim against the FedEx Defendants. Accordingly, the Court denies the FedEx Defendants' Motions as they related to vicarious liability.

### III.    LEAVE TO AMEND

When a court dismisses one or more of a plaintiff's claims pursuant to Rule 12(b)(6), the court should generally give the plaintiff an opportunity to amend the complaint. *See Hart v. Bayer Corp.*, 199 F.3d 239, 247-48 n.6 (5th Cir. 2000). Although the Amended Complaint presently fails to allege sufficient facts to state direct negligence claims against DZT and the FedEx Defendants, the Court cannot say that Plaintiffs' direct negligence claims against DZT and the FedEx Defendants are barred as a matter of law. Accordingly, the Court will allow the Plaintiffs the opportunity to re-plead their negligent entrustment and negligent hiring, supervision, and retention claims against DZT and the FedEx Defendants, if they wish to pursue those claims.

### IV.    CONCLUSION

For the foregoing reasons, the Court orders the following relief:

**IT IS ORDERED** that Tesich's Motion, ECF No. 12, is **DENIED**.

**IT IS FURTHER ORDERED** that DZT's Motion, ECF No. 22, is **GRANTED** in part and **DENIED** in part.  To the extent that Plaintiffs have made a claim of negligent driving against DZT, DZT's Motion is **GRANTED**.  In addition, the motion is **GRANTED** to the extent that it seeks the dismissal of Plaintiffs' claims for negligent entrustment and negligent hiring, supervision, or retention.  The Plaintiffs' claims against DZT for negligent driving, negligent entrustment, and negligent hiring, supervision, or retention are **DISMISSED** without prejudice. DZT's Motion is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the FedEx Corporation's Motion, ECF No. 17, is **GRANTED** in part and **DENIED** in part.  To the extent that Plaintiffs have made a claim of negligent driving against FedEx Corporation, FedEx Corporation's Motion is **GRANTED**.  In addition, the motion is **GRANTED** to the extent that it seeks the dismissal of Plaintiffs' claims for negligent entrustment and negligent hiring, supervision, or retention.  The Plaintiffs' claims against FedEx Corporation for negligent driving, negligent entrustment, and negligent hiring, supervision, or retention are **DISMISSED** without prejudice. FedEx Corporation's Motion is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that the FedEx Ground's Motion, ECF No. 18, is **GRANTED** in part and **DENIED** in part.  To the extent that Plaintiffs have made a claim of negligent driving against FedEx Ground, FedEx Ground's Motion is **GRANTED**.  In addition, the motion is **GRANTED** to the extent that it seeks the dismissal of Plaintiffs' claims for negligent entrustment and negligent hiring, supervision, or retention.  The Plaintiffs' claims against FedEx Ground for negligent driving, negligent entrustment, and negligent hiring, supervision, or retention are **DISMISSED** without prejudice. FedEx Ground's Motion is otherwise **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until the deadline to amend the pleadings as set out in the Court's Scheduling Order to file a motion to amend the complaint and re-plead any dismissed causes of action.

**SO ORDERED**.

**SIGNED this 22nd day of September, 2015.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE